# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW S. HILLIARD, HILLIARD OIL VENTURES, INC. A/K/A DELTA WESTERN COMPANY, HILLIARD HELIUM COMPANY, LLC, and HILLIARD LAND AND ENERGY CORP.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ Case No.<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

CONSENT OF DEFENDANTS MATTHEW S. HILLIARD, HILLIARD OIL VENTURES, INC. A/K/A DELTA WESTERN COMPANY, HILLIARD HELIUM COMPANY, LLC, and HILLIARD LAND AND ENERGY CORP.

1. Defendants Matthew S. Hilliard ("Hilliard"), Hilliard Oil Ventures, Inc. A/K/A Delta Western Company ("Hilliard Oil"), Hilliard Helium Company, LLC ("Hilliard Helium"), and Hilliard Land And Energy Corp. ("Hilliard Land") (collectively "Defendants") waive service of a summons and the complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Defendants and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendants admit), Defendants hereby consent to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendants from violation of Sections

1

5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e(a), 77e(c), and 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5;

(b) permanently restrains and enjoins Defendant Hilliard from directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security in an unregistered transaction, provided, however, that such injunction shall not prevent Defendant Hilliard from purchasing or selling securities for his own personal account;

(c) orders each of the Defendants to pay disgorgement plus prejudgment interest ("PJI") thereon, as follows:

| Defendant | Disgorgement | PJI |
|---|---|---|
| Hilliard | $1,107,000 | $71,576.54 |
| Hilliard Oil | $2,446,906 | $173,443.07 |
| Hilliard Helium | $1,086,083 | $64,893.46 |
| Hilliard Land | $166,214 | $847.01 |

(d) orders each of the Defendants to pay a civil penalty under Securities Act Section 20(d) [15 U.S.C. § 77t(d)] and Exchange Act Section 21(d) [15 U.S.C. § 78u(d)] as set forth below:

| Defendant | Penalty Ordered |
|---|---|
| Hilliard | $189,427 |
| Hilliard Oil | $189,427 |
| Hilliard Helium | $189,427 |
| Hilliard Land | $189,427 |

3. Each of the Defendants acknowledge that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the

Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, each of the Defendants agrees that Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on any of the Defendants' payment of disgorgement in this action, argue that any of the Defendants is entitled to, nor shall Defendants further benefit by, offset or reduction of such compensatory damages award by the amount of any part of any of the Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, each of the Defendants agrees that the Defendant receiving the Penalty Offset shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against one or more of the Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4.     Each of the Defendants agrees that Defendants shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Each of the Defendants further agrees that Defendants shall not claim, assert, or apply for a tax

deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Each of the Defendants waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Each of the Defendants waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7. Each of the Defendants enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

8. Each of the Defendants agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

10. Each of the Defendants waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Each of the Defendants further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that such Defendant has received and read a copy of the Final Judgment.

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted

against Defendants in this civil proceeding. Each of the Defendants acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Each of the Defendants waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Each of the Defendants further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, each of the Defendants understands that Defendants shall not be permitted to contest the factual allegations of the complaint in this action.

    12.    Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendants' agreement to comply with the terms of Section 202.5(e), Defendants: (i) will not take any action or make or permit to be made any public statement

denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendants do not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendants do not deny the allegations; (iii) upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulate solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

    13.    Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. For these purposes, Defendants agree that Defendants are not the prevailing party in this action since the parties have

reached a good faith settlement.

14. Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

19TH day of NOVEMBER, 2019

_____
Matthew S. Hilliard

19TH day of NOVEMBER, 2019

_____
Hilliard Oil Ventures, Inc. a/k/a Delta Western Company
By Matthew S. Hilliard, President

19TH day of NOVEMBER, 2019

_____
Hilliard Helium Company, LLC
By Matthew S. Hilliard, Managing Member

19TH day of NOVEMBER, 2019

_____
Hilliard Land and Energy Corp.
By Matthew S. Hilliard, President

<u>Declaration of Matthew S. Hilliard</u>

I am authorized to sign this consent by, and on behalf of, Hilliard Oil Ventures, Inc. a/k/a Delta Western Company; Hilliard Helium Company, LLC; and Hilliard Land and Energy Corp. I hereby declare under penalty of perjury that the foregoing statement is true and correct.

Executed on the 19TH day of NOVEMBER, 2019

_____
Matthew S. Hilliard

State of Texas
County of DALLAS

On NOVEMBER 19, 2019, **Matthew S. Hilliard** personally appeared before me, proved to me his identity by producing government-issued photo-identification, and acknowledged to me that he signed and dated the foregoing instrument as reflected above.

_____
Notary Public

[Notary Seal: MURIEL TIFFANY Q. NOULLET, NOTARY ID #124227103, My Commission Expires April 25, 2020]

7

Approved as to form:

_____
Gene R. Besen
Bradley Arrant Boult Cummings LLP
4400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 257-9758
Attorney for Defendants